IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2005 JUL 14  A 9: 50

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT

| | |
|---|---|
| CHESTER TRAWICK, | ) |
| PLAINTIFF, | ) |
| vs. | ) CASE #: 1:05CV648-W |
| COMPLETE CREDIT SOLUTIONS, INC., | ) JURY DEMAND |
| DEFENDANT. | ) |

## COMPLAINT

### I. INTRODUCTION

1. This is a complaint for damages, both actual and statutory, brought by the Plaintiff, Chester Trawick, against the Defendant, Complete Credit Solutions, Inc., for Defendant's violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq (hereinafter, "FDCPA").

2. The Plaintiff seeks damages for the Defendant's violation of the FDCPA wherein during the course of several telephone conversations between the Defendant and Plaintiff, the Defendant threatened action that could not legally be taken, engaged in the unauthorized practice of law, created a false sense of urgency, and used false representation or deceptive means in an attempt to collect a debt.

3. Further, the Plaintiff seeks damages for the Defendant's form debt collection letters as violating the FDCPA for false and misleading representations, for threatening to take action that cannot legally be taken or that is not intended to be taken, for theunauthorized practice of law, and for creating a false sense of urgency.

SCANNED


## II. JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this district is proper in that the Defendant regularly transacts business here by U.S. mail and by telephone. Furthermore, the conduct complained of occurred here wherein the Defendant caused certain debt collection letters to be mailed and delivered to the Plaintiff.

## III. PARTIES

5. Plaintiff, Chester Trawick, is a natural person residing in Henry County, Alabama. Plaintiff is also a consumer as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Complete Credit Solutions, Inc., is a Texas corporation engaged in the collection of debts from consumers using the mail and telephone. The Defendant regularly attempts to collect consumer debts alleged to be due another. Defendant, as such, is a debt collector as defined by the FDCPA pursuant to 15 U.S.C. § 1692a(6). The Defendant's principal place of business is located at 2921 Brown Trail, Suite 100, Bedford, Texas 76021-4144.

## IV. FACTUAL ALLEGATIONS

7. On June 22, 2005 and on June 27, 2005 a Mr. Shawn Sheridan, identifying himself as Defendant's employee, phoned the Plaintiff demanding payment in full of an alleged debt no later that June 29, 2005.

8. The alleged debt was incurred primarily for personal, family of household services.

9. During the course of the conversations, Defendant's employee further advised Plaintiff that if payment was not produced by June 29, 2005, the file would be turned over and "[Plaintiff's] wages would be garnished."

10. During the course of the conversations, Defendant's employee also advised Plaintiff that he was going to garnish the Plaintiff's wages for "thirty-five (35) percent."

11. The Defendant mailed to Chester Trawick two form debt collection letters dated August 5, 2004 and December 3, 2004 respectively. The August 5, 2004 is attached to this complaint as Exhibit "A."

12. The debt collection letter dated December 3, 2004 is attached to this complaint as Exhibit "B." The letter identified as Exhibit "A" states in pertinent part that:

> "Your account has now been placed with the Asset Investigation Department."
>
> "This department will search out information concerning you...."
>
> "Their investigation will document the following information:
> 1. Verification of employment.
> 2. Ownership of personal or real property.
> 3. Verification of checking and savings accounts.
> 4. Verification of personal and/or business credit history."
>
> "The Asset Investigation Department will evaluate all information obtained and seek approval to file suit."
>
> "In the event a judgment is awarded, the following demands will be made:
> 1. Full garnishment of wages...
> 2. Attachment or lien on all personal or real properties (contingent of state and federal laws).
> 3. Attachment of bank accounts (as allowed by state and federal laws)."
>
> "To avoid this investigation and future legal action, you must contact this office within five (5) working days from the date of this letter."

13. The Defendant's form debt collection letter violates various provision of the FDCPA by creating a false sense of urgency, threatening to take action that cannot legally be taken, by using false and deceptive means to collect a debt, by making false or misleading representations, by mentioning post-judgment remedies, and by practicing law without a law license.

14. The statements in Defendant's form debt collection letter must be interpreted using the "unsophisticated consumer" standard.

### COUNT I - VIOLATION OF 15 U.S.C. § 1692e
### False or misleading misrepresentation.

15. Plaintiff, Chester Trawick, adopts and incorporates paragraphs 1 through 14 as if fully set out herein.

16. 15 U.S.C. § 1692e prohibits the Defendant from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Both oral and written debt collection efforts must be true and be absent of false, deceptive, or misleading representations.

17. The Defendant's employee violated 15 U.S.C. § 1692e on June 22, 2005 and on June 27, 2005 by repeatedly referring to a garnishment.

18. The Defendant's employee, on June 22, 2005 and on June 27, 2005 by telephone communication, threatened the Plaintiff with garnishment of Plaintiff's wages for "thirty-five (35) percent." The threat to garnish the Plaintiff's wages for thirty-five (35) percent is false and deceptive.

19. The Defendant's form debt collection letter dated August 5, 2004 contains a false, deceptive, or misleading representation by advising the Plaintiff that his account "has now been placed with the Asset Investigation Department."

20. The letter further advises the Plaintiff that the "investigation will document" ownership of certain assets.

21. The form debt collection letter even further advises that "[u]pon completion of this investigation, the Asset Investigation Department will evaluate all information...and seek approval to file suit."

22. The letter goes on to mention that the Plaintiff can "avoid this investigation" by contacting the Defendant.

23. The Defendant's repeated reference to an Asset Investigation Department and an asset investigation is both false and misleading insomuch as there is no Asset Investigation Department within the Defendant's business organization. Furthermore, the Defendant had no intention of conducting an investigation about the Plaintiff's assets.

24. The Defendant's form debt collection letter is both misleading and deceptive to an

unsophisticated consumer by leading the consumer to believe that any and all property could be seized for payment the alleged debt. That is, the letter created a belief that seizure of property was all but certain.

25. As a result of the Defendant's actions, the Plaintiff suffered damages consisting of headaches, nausea, embarrassment, humiliation, loss of sleep, anxiety, nervousness, physical and/or mental suffering, pain, anguish, and fright.

### COUNT II - VIOLATION OF 15 U.S.C. § 1692e
### Creating a false sense of urgency.

26. Plaintiff, Chester Trawick, adopts and incorporates paragraphs 1 through 25 as if fully set out herein.

27. 15 U.S.C § 1692e prohibits a debt collector from using false, deceptive, or misleading representations or means in connections with the collection of any debt. Specifically, § 1692e prohibits false or misleading representations that create a false sense of urgency with regard to payment of a debt.

28. The Defendant's employee, by oral communication, informed the Plaintiff on June 22, 2005 and June 27, 2005, that he must make a payment no later than June 29, 2005 or Plaintiff's wages would be garnished for "thirty-five (35) percent."

29. The Defendant's oral communication creates a false sense of urgency urging the Plaintiff, Chester Trawick, to act or face wage garnishment.

30. The Defendant's oral communication on June 22, 2005 and June 27, 2005, creates a false sense of urgency urging Chester Trawick to act. If not, Chester Trawick, using the "unsophisticated consumer" standard, would believe that a lawsuit and subsequent judgment was all but certain within five (5) days.

31. The Defendant's form oral communication on June 22, 2005 and June , not only urges the debtor, Chester Trawick, that the account has been placed with the "Asset Investigation

Department," but also informs Chester Trawick to "avoid this investigation and future legal action" but advises him that he "must contact this office within five (5) working days."

32. The Defendant's form debt collection letter dated August 5, 2004, creates a false sense of urgency urging Chester Trawick to act. If not, Chester Trawick, using the "unsophisticated consumer" standard, would believe that a lawsuit and subsequent judgment was all but certain within five (5) days of the letter.

33. The Defendant, in its form debt collection letter dated August 5, 2004, created a false sense of urgency for the sole purpose of intimidating Chester Trawick into paying the debt.

34. As a result of the Defendant's actions, the Plaintiff suffered damages consisting of headaches, nausea, embarrassment, humiliation, loss of sleep, anxiety, nervousness, physical and/or mental suffering, pain, anguish, and fright.

### COUNT III - VIOLATION OF 15 U.S.C § 1692e(5)
### Threatening to take action that cannot
### legally be taken or that is not
### intended to be taken.

35. Plaintiff, Chester Trawick, adopts and incorporates paragraphs 1 through 34 as if fully set out herein.

36. 15 U.S.C. § 1692e(5) prohibits a debt collector from threatening to take action that cannot legally be taken or that is not intended to be taken.

37. After telephoning the Plaintiff, in an attempt to collect a debt, the Defendant's employee threatened garnishment on June 22, 2005 and June 27, 2005.

38. After telephoning Plaintiff in an attempt to collect a debt, Defendant's employee lead Plaintiff to believe that garnishment was an absolute certainty and was imminent unless Plaintiff paid the alleged debt by June 29, 2005.

39. Defendant's threaten of garnishment is an act that cannot legally be taken without the Defendant first filing a lawsuit and being successful in obtaining a judgment.

40. The Defendant's employee, when he telephoned the Plaintiff, further advised the Plaintiff that a garnishment would result in deduction of "thirty-five (35) percent" of the Plaintiff's wages.

41. The Defendant's threat to garnish "thirty-five (35) percent" is an act that cannot be legally be taken in Alabama.

42. In the Defendant's form debt collection letter dated August 5, 2004, the Defendant's letter states that the "Asset Investigation Department" will "search out information" concerning employment, assets, and credit history.

43. The Defendant's implied threat to contact the Plaintiff's employer for verification constitutes a false representation or action that the Defendant cannot legally take.

44. The unsophisticated consumer believes that the Defendant will contact his employer concerning the debt.

45. Further, the Defendant threatens to investigate "ownership of personal or real property and verify checking and savings accounts."

46. In order to investigate personal property, real property, savings and checking accounts, the Defendant must make third party contacts which are illegal and prohibited by the FDCPA. As such, the threat to conduct such an investigation is illegal or is not intended to be taken.

47. Further, the Defendant's form debt collection letter dated August 5, 2004 advises the Plaintiff that it will "seek approval to file suit." The letter goes on to state that the Plaintiff can "avoid this investigation and future legal action" by contacting the Defendant.

48. In the Defendant's form debt collection letter dated December 3, 2004, the Defendant states that it has "no alternative but to proceed with legal action." It goes on to advise the Plaintiff that it can "avoid legal action" by contacting the Defendant.

49. The Defendant's continual threat of legal action evidences intimidation of the Plaintiff to pay a debt even though the Defendant has neither actual or implied authority to recommend court action.

50. In addition, the Defendant has no actual, implied, or legal authority to file a lawsuit.

51. The collection letters dated August 5, 2004 and December 3, 2004 advise the Plaintiff, Chester Trawick, of an intent to commence a legal action to collect a debt. In spite of its illusory threat of a lawsuit, the Defendant never filed suit against Chester Trawick.

52. The failure to file a lawsuit, further evidences that the Defendant had no intent to take legal action against the Plaintiff.

53. The Defendant contradicts itself in the form debt collection letter dated August 5, 2004 by stating that it would "seek approval to file suit."

54. In the December 3, 2004 form debt collection letter, the Defendant states that it had "no alternative but to proceed with legal action."

55. Again, the Defendant specifies an action (i.e. legal action) in which it has no contractual authority, actual authority, or legal authority to initiate.

56. As a result of the Defendant's actions, the Plaintiff suffered damages consisting of headaches, nausea, embarrassment, humiliation, loss of sleep, anxiety, nervousness, physical and/or mental suffering, pain, anguish, and fright.

**COUNT IV - VIOLATION OF 15 U.S.C § 1692e(10)**
**The use of any false representation**
**or deceptive means to collect or**
**attempt to collect any debt.**

57. Plaintiff, Chester Trawick, adopts and incorporates paragraphs 1 through 56 as if fully set out herein.

58. 15 U.S.C. § 1692e(10) prohibits the debt collector from using false representations or deceptive means to collect or attempt to collect any debt.

59. The Defendant's form debt collection letters dated August 5, 2004 (Exhibit "A") and December 3, 2004 (Exhibit "B") set forth false representation or deceptive means in its attempt to collect an alleged debt.

60. The Defendant's form debt collection letter, Exhibit "A," informs the Plaintiff that his "account has now been placed with the Asset Investigation Department."

61. The Defendant's form debt collection letter identified as Exhibit "A" further states that this "department will search out information concerning you." The Defendant goes on to list items to be investigated to include employment, assets, and credit history.

62. The unsophisticated consumer, in interpreting the Defendant's statements, would believe that an investigator might contact various third parties to determine Chester Trawick's ownership in certain property.

63. The threat to initiate third party contacts to investigate employment and personal assets is both false and deceptive.

64. The Defendant's threat to turn the account over to the "Asset Investigation Department" is also false and deceptive insomuch as the Defendant has no "Asset Investigation Department."

65. The sole purpose of continuing to mention the "Asset Investigation Department" was to coerce and intimidate the Plaintiff into prompt payment of the alleged debt. The unsophisticated consumer believes that his assets may be seized by the "Asset Investigation Department" unless payment is made concerning the alleged debt.

66. As a result of the Defendant's actions, the Plaintiff suffered damages consisting of headaches, nausea, embarrassment, humiliation, loss of sleep, anxiety, nervousness, physical and/or mental suffering, pain, anguish, and fright.

**COUNT V - VIOLATION OF 15 U.S.C. § 1692e(10)**
**Use of deceptive means to collect or attempt**
**to collect any debt.**

67. Plaintiff, Chester Trawick, adopts and incorporates paragraphs 1 through 66 as if fully set out herein.

68. 15 U.S.C. § 1692e(10) prohibits the debt collector from using false or deceptive means to collect or attempt to collect any debt.

69. The Defendant's form debt collection letter identified as Exhibit "A" states that "[i]n the event a judgment is awarded, the following demands will be made...full garnishment of wages (as allowed...)...attachment or lien on all personal or real property...attachment of bank account...."

70. The Defendant's repeated reference to judgments, garnishments, and attachments of property is deceptive insomuch as it assures the unsophisticated consumer that a judgment is all but certain.

71. The Defendant cannot mention or allude to post-judgment remedies (i.e. garnishment, attachment, etc) if no judgment has been obtained.

72. Reference to judgments, garnishments, and attachments is deceptive insomuch as the unsophisticated consumer believes that it has not defenses available or mechanism to stop the Defendant's actions.

73. By telephoning the Plaintiff and advising him of an imminent wage garnishment, the Defendant continued in its false and deceptive means in its attempt to collect the alleged debt. The Defendant created an aurora through its system of mail-outs whereby the Plaintiff was threatened with wage garnishment and asset seizure.

74. Finally, the Defendant has now resorted to telephone calls whereby the Plaintiff is assured that wage garnishment is imminent.

75. The Plaintiff barely makes ends meet and is now lead to believe that "thirty-five (35) percent" of his wages will be seized.

76. As a result of the Defendant's actions, the Plaintiff suffered damages consisting of headaches, nausea, embarrassment, humiliation, loss of sleep, anxiety, nervousness, physical and/or mental suffering, pain, anguish, and fright.

WHEREFORE, Plaintiff, Chester Trawick, respectfully requests This Honorable Court enter judgment against the Defendant, Complete Credit Solutions, Inc., for the following:

    a)    The maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

    b)    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and,

    c)    For such other relief that is just.

Respectfully submitted,

ESPY, METCALF & POSTON, P.C.

_____
David G. Poston
Attorney for Plaintiff
Post Office Drawer 6504
Dothan, Alabama 36302
334-793-6288
E-mail: lt@emppc.com